UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DREW RINGSWALD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00004-CCB-ALT |
| | ) |
| **STATE FARM FIRE AND CASAULTY COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is the parties' joint motion to adopt protective order pursuant to Federal Rule of Civil Procedure 26(c), together with a proposed stipulated protective order. (ECF 29, 29-1). Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Because the Court has concerns about several aspects of the proposed protective order, the motion will be denied without prejudice.

A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information . . . ." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same). Here, however, the proposed protective order never actually sets forth a definition of "Confidential" information within the proposed order, much less a properly demarcated one. (*See* ECF 29-1 ¶ 2). Instead, it expresses the parties' general intent to merely designate material as "CONFIDENTIAL, TRADE SECRET, OR SUBJECT TO PROTECTIVE ORDER[.]" Also, a capitalized term of "Confidential

Information" is used in two paragraphs of the proposed order but never defined within it. (*See id.* ¶¶ 11, 19).[1]

Another problem is that the Court is unwilling to adopt the language set forth in paragraph 16 about modifications of the proposed order. (*Id.* ¶ 16 ("This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.")). The Court will not adopt a restriction on its own authority to modify orders by including a phrase "for good cause shown[.]" (*Id.*).

Further, while the parties agree that the protective order will remain in force after termination of the suit (*id.* ¶ 14), the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

For these reasons, the Court DENIES the joint motion to adopt protective order (ECF 29) without prejudice. The parties may submit an amended motion, together with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 26th day of August 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

---

[1] The parties do offer a rather open-ended definition of "Confidential Information" in their actual motion. (*See* ECF 29 ¶¶ 1, 2). However, any definition of Confidential Information should be included in the proposed order itself, not an ancillary document.

2